IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| RENN HUDSON ) | |
| ) | |
| Plaintiff, ) | Division:  1 |
| ) | |
| v. ) | |
| ) | |
| SHELBY KENNEDY, ) | **TRIAL BY JURY DEMANDED** |
| ) | |
| **SERVE:**  Shelby Kennedy ) | |
| 1219 St. Clair Ave. ) | |
| St. Clair, IL 62234 ) | |
| ) | |
| and ) | |
| ) | |
| GULLY TRANSPORTATION, INC. ) | |
| ) | |
| **SERVE:**  Registered Agent ) | |
| Frank W. Taylor ) | |
| 4420 Madison Ave. ) | |
| Kansas City, MO 64111 ) | |
| ) | |
| Defendants. ) | |

## PETITION

COMES NOW, Plaintiff, by and through his undersigned attorneys, and for his cause action against Defendants, jointly and severely, states to the Court as follows:

### BACKGROUND FACTS

1. At all times hereto, Plaintiff Renn Hudson is and was a resident of the State of Missouri.

2. At all times hereto, Defendant Shelby Kennedy (hereinafter, "Kennedy") is and was a resident and citizen of the State of Illinois.

**EXHIBIT A**

3. At all times hereto, Defendant Gully Transportation, Inc. (hereinafter, "Gully Transportation"), is and was a resident and citizen of the State of Illinois, licensed to conduct business in the State of Missouri.

4. At all times hereto, Defendant Gully Transportation operated a trucking company as a common carrier in the State of Missouri, by and through its agents, servants and employees in the course and scope of their employment.

5. At all times hereto, westbound Hall Street, at or near its intersection with Dodridge Avenue, where the collision occurred, is an open and public thoroughfare located in the City of St. Louis, State of Missouri and therefore venue is proper in the Circuit Court of the City of St. Louis.

6. On or about July 7, 2018, at 12:33 a.m. Plaintiff was a passenger in a motor vehicle which was traveling westbound on Hall Street (Plaintiff's Vehicle) when Defendant Kennedy who was attempting to make a left hand turn onto eastbound Hall Street, pulled out in front of traffic, causing the vehicle in front of Plaintiff's Vehicle and Plaintiff's Vehicle to come to sudden stops at which time a tractor trailer operated by an agent, servant and/or employee of Defendant Gully Transportation (hereinafter, "Tractor Trailer') rear ended Plaintiff's vehicle.

**COUNT I – NEGLIGENCE AGAINST DEFENDANT KENNEDY**

COMES NOW Plaintiff, by and through his undersigned attorneys, and for Count I of his Petition against Defendant Kennedy, states the following:

7. Plaintiff incorporates the allegations contained in paragraphs 1 through 6 as if stated fully herein.

8. The aforesaid collision and resulting injuries and damages sustained by Plaintiff was directly and proximately caused by the negligence and carelessness of Defendant Kennedy,

who failed to use the highest degree of care in the operation and control of her vehicle in the following respects:

    a.    Defendant Kennedy failed to yield to oncoming traffic before pulling out;

    b.    Defendant Kennedy failed to keep a careful lookout for oncoming traffic; or,

    c.    Defendant Kennedy was using her cell phone at the time of the collision.

9. As a direct and proximate result of the aforesaid negligence of Defendant Kennedy, Plaintiff sustained injuries to his head, including loss of consciousness and headache, neck, back, and left shoulder, all of which required necessary medical treatment including undergoing physical exams, testing, including ambulance, emergency room, CT scans, physical therapy, as well as prescription medication, and incurring necessary and reasonable medical bills in excess of $23,000.00, all of which remain due and owing to his medical providers; Plaintiff has and will continue in the future to endure pain and suffering from these injuries, as well as past and future loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant Kennedy in a just and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) but less than seventy-five thousand dollars ($75,000.00), exclusive of interest and costs expended herein and for such further relief as this Court deems just and proper.

**COUNT II – NEGLIGENCE AGAINST DEFENDANT GULLY TRANSPORTATION**

COMES NOW Plaintiff, by and through his undersigned attorneys, and for Count II of his Petition against Defendant Gully Transportation, states the following:

10. Plaintiff incorporates the allegations contained in paragraphs 1 through 6 as if stated fully herein.

11. The aforesaid collision and resulting injuries and damages sustained by Plaintiff was directly and proximately caused by the negligence and carelessness of Defendant Gully Transportation, whose agent, servant and/or employee operating the Tractor Trailer owned by Defendant Gully Transportation, failed to use the highest degree of care in the operation and control of the Tractor Trailer in the following respects:

   a. Defendant Gully Transportation's Tractor Trailer rear ended Plaintiff's Vehicle;

   b. Defendant Gully Transportation's agent, servant, and/or employee failed to keep a careful lookout;

   c. Defendant Gully Transportation's agent, servant and/or employee was using his cell phone at the time of the collision.

12. Pleading in the alternative, the collision and resulting injuries and damages sustained by Plaintiff was directly and proximately caused by the negligence and carelessness of Defendant Gully Transportation which failed to use ordinary care in hiring, training or supervising its agent, servant and/or employee in the proper operation of the Tractor Trailer.

13. As a direct and proximate result of the aforesaid negligence of Defendant Gully Transportation, Plaintiff sustained injuries to his head, including loss of consciousness and headache, neck, back, and left shoulder, all of which required necessary medical treatment including undergoing physical exams, testing, including ambulance, emergency room, CT scans, physical therapy, as well as prescription medication, and incurring necessary and reasonable medical bills in excess of $23,000.00, all of which remain due and owing to his medical providers; Plaintiff has and will continue in the future to endure pain and suffering from these injuries, as well as past and future loss of enjoyment of life.

Electronically Filed - City of St. Louis - September 18, 2019 - 09:32 AM

WHEREFORE, Plaintiff prays for judgment against Defendant Gully Transportation in a just and reasonable amount in excess of twenty-five thousand dollars ($25,000.00) but less than seventy-five thousand dollars ($75,000.00), exclusive of interest and costs expended herein and for such further relief as this Court deems just and proper.

**O'LEARY, SHELTON, CORRIGAN, PETERSON, DALTON & QUILLIN, LLC**

By: /s/ James D. O'Leary
James D. O'Leary, MO #45964
O'Leary, Shelton, Corrigan,
Peterson, Dalton, Quillin, LLC
1034 S. Brentwood Blvd., Penthouse 1-A, 23rd Fl
St. Louis, MO 63117
(314) 405-9000 telephone
(314) 833-3073 facsimile
oleary@osclaw.com
*Attorney for Plaintiff*