UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RENN HUDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20CV16 RLW |
| SHELBY KENNEDY and GULLY TRANSPORTATION, INC., | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Renn Hudson's ("Plaintiff") Motion to Amend Complaint to add a non-diverse Defendant. (ECF No. 11) Defendant Shelby Kennedy opposes the motion. Upon review of the motion and related memoranda, the Court will grant Plaintiff's motion.

**I.    BACKGROUND**

Plaintiff Renn Hudson filed a Petition in the Circuit Court of the City of St. Louis, Missouri on September 18, 2019 against Defendants Shelby Kennedy ("Kennedy") and Gully Transportation, Inc. ("Gully") (collectively "Defendants"). (ECF No. 7) Plaintiff alleges he was a passenger in a vehicle that was involved in a multi-vehicle motor vehicle accident on July 7, 2018. He names as Defendants Kennedy, the operator of one of the vehicles involved in the accident, and Gully, alleging an agent of Gully struck the rear end of the vehicle in which Plaintiff was a passenger. On January 6, 2020, Defendant Kennedy, with consent of Gully, removed the action to federal court based on diversity jurisdiction, alleging diversity of citizenship because Plaintiff is a citizen of Missouri, and Defendants are citizens of Illinois. (ECF No. 1) Kennedy further contends the amount in controversy exceeds $75,000. (*Id.*)

On February 5, 2020, Plaintiff filed a Motion to Amend Complaint with the attached proposed First Amended Complaint. Plaintiff seeks to join Jaimee Leigh Dickson, a Missouri citizen and the driver of the vehicle in which Plaintiff was a passenger. (ECF No. 11) Kennedy opposes the motion, asserting that the Court should deny Plaintiff's motion for leave to amend because such amendment would defeat diversity jurisdiction and cause prejudice to Kennedy. (ECF No. 12)

## II. LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course within 21 days after serving the pleading or, in all other cases, with written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

## III. DISCUSSION

Here, Plaintiff asserts amendment of the complaint to join Jaimee Leigh Dickson ("Dickson") is proper "because, as the driver of the vehicle in which Plaintiff was a passenger, she bears some responsibility for the collision in failing to keep a careful lookout and yield to oncoming traffic." (ECF No. 11 ¶ 6) Plaintiff further claims joinder of Dickson is not fraudulent, as she contributed to the accident which injured Plaintiff. Defendant Kennedy, on the other

2

hand, asserts Plaintiff delayed naming Dickson as a Defendant and sought leave to amend the complaint only after removal to federal court in order to defeat diversity jurisdiction and prejudice Kennedy.

The Court finds leave to file a First Amended Complaint is warranted. Plaintiff filed the present motion one day before the parties submitted their joint proposed scheduling plan. As a result, the Court canceled the Rule 16 conference pending disposition of Plaintiff's motion. Further, Gully has not filed an Answer or otherwise responded to Plaintiff's petition. Thus, the Court has not yet entered a Case Management Order with discovery deadlines pursuant to Fed. R. Civ. P. 16. Allowing Plaintiff file an amended complaint would not prejudice Defendants.

However, Kennedy argues the Court should deny Plaintiff's motion to amend because he seeks to add a non-diverse defendant. "When an action is removed from state to federal court, and 'after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307–08 (8th Cir. 2009) (quoting 28 U.S.C. § 1447(e)). "In determining whether to permit the amendment, the Court considers the following factors: '1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed.'" *Johnson v. Travelers Home & Marine Ins. Co.*, No. 4:10CV520 JCH, 2010 WL 1945575, at *1 (E.D. Mo. May 12, 2010) (quoting *Bailey*, 563 F.3d at 309 (internal quotations and citations omitted)).

The Court finds the primary purpose of the amended complaint is not to destroy diversity jurisdiction. As the passenger in Dickson's car, Plaintiff knew of Dickson at the time of filing

3

the state court petition.  However, while adding a previously known non-diverse defendant after the case is removed strongly indicates a purpose to defeat federal jurisdiction, the Court does not find such motive improper in this case.  *See Johnson v. Texas Roadhouse Holdings, LLC*, No. 4:10-CV-36 CDP, 2010 WL 2978085, at *2 (E.D. Mo. July 23, 2010) (addressing facts that tended to show improper motive).  Dickson, as the driver, may be liable for Plaintiff's damages resulting from the collision, as noted by Kennedy in her Answer.  (ECF No. 8, Affirmative Defenses ¶ 2)  "The mere fact that [Dickson's] joinder would divest the Court of jurisdiction does not necessarily render [Plaintiff's] otherwise meritorious claim illegitimate."  *Thompson v. Joe-K Used Cars, LLC*, No. 4:19 CV 2422 CDP, 2019 WL 7291229, at *2 (E.D. Mo. Dec. 30, 2019).  The Court also credits Plaintiff's transparency in advising the Court that the amended complaint defeats federal jurisdiction.  *Id.* (noting "precedent in the Eighth Circuit encourages plaintiffs to be open with the district court when their proposed amendments would divest the court of jurisdiction") (citations omitted).  Indeed, "[f]ailure to inform the court that joinder of a defendant would destroy diversity has been found to create a reasonable inference that the defendant was joined for the purpose of defeating federal jurisdiction."  *Johnson*, 2010 WL 2978085, at *2 (citing *Bailey*, 563 F.3d at 309).

The Court further finds Plaintiff has not been dilatory in this action.  Kennedy removed this cause of action to federal court on January 6, 2020.  One month later, Plaintiff filed the instant motion to amend.  In addition, the accident occurred in July 2018, Plaintiff filed his petition in state court approximately one year later in September 2019, and Plaintiff filed the motion to amend less than five months after filing his state court petition.  Nothing about Plaintiff's actions in this matter demonstrate delay on the part of Plaintiff.  *But see Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991) (finding plaintiff was dilatory in seeking to add a

party where the incident occurred two years prior to filing the state court petition and nearly three years before filing the motion to amend the complaint).

The third factor also weighs in Plaintiff's favor. The Court finds maintaining two separate negligence actions against defendants involved in the same vehicle collision "would be impractical, inefficient, and unnecessarily expensive" and could result in inconsistent verdicts regarding the comparative fault of the defendants in this matter. *Thompson*, 2019 WL 7291229, at *3. Thus, the Court finds the harm to Plaintiff in maintaining separate lawsuits outweighs any potential harm to Defendants in litigating this cause of action in state court.

For the reasons stated above, the Court will grant Plaintiff's motion for leave to file an amended complaint. Based on the fact joinder of Dickson will destroy diversity jurisdiction, Plaintiff shall file an appropriate motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Renn Hudson's Motion to Amend Complaint (ECF No. 11) is **GRANTED**. The Clerk of the Court shall file Attachment 1 to the motion (ECF No. 11-1) as Plaintiff's First Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file an appropriate motion to remand no later than May 18, 2020.

**IT IS FINALLY ORDERED** that Defendant Shelby Kennedy's Motion to Strike (ECF No. 9) is **DENIED** as **MOOT**.

Dated this 11th day of May, 2020.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**