# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RENN HUDSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20CV16 RLW |
| SHELBY KENNEDY and GULLY TRANSPORTATION, INC., | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiff's Motion for Remand. (ECF No. 21) Also pending is Defendant Shelby Kennedy's ("Kennedy") Motion to Strike Plaintiff's negligence allegations against Kennedy. (ECF No. 23) In addition, Kennedy has filed a response in opposition to Plaintiff's Motion for Remand. (ECF No. 24) For the following reasons, the Court will grant Plaintiff's motion and remand this cause of action to state court.

## I. BACKGROUND

Plaintiff Renn Hudson filed a Petition in the Circuit Court of the City of St. Louis, Missouri on September 18, 2019 against Defendants Shelby Kennedy ("Kennedy") and Gully Transportation, Inc. ("Gully") (collectively "Defendants"). (ECF No. 7) Plaintiff alleges he was a passenger in a vehicle that was involved in a multi-vehicle motor vehicle accident on July 7, 2018. He names as Defendants Kennedy, the operator of one of the vehicles involved in the accident, and Gully, alleging an agent of Gully struck the rear end of the vehicle in which Plaintiff was a passenger. On January 6, 2020, Defendant Kennedy, with consent of Gully, removed the action to federal court based on diversity jurisdiction, alleging diversity of

citizenship because Plaintiff is a citizen of Missouri, and Defendants are citizens of Illinois. (ECF No. 1) Kennedy further contends the amount in controversy exceeds $75,000. (*Id.*)

On February 5, 2020, Plaintiff filed a Motion to Amend Complaint with the attached proposed First Amended Complaint. The proposed amended complaint joined as a Defendant Jaimee Leigh Dickson, a Missouri citizen and the driver of the vehicle in which Plaintiff was a passenger. (ECF No. 11) Kennedy opposed the motion, asserting that the Court should deny Plaintiff's motion for leave to amend because such amendment would defeat diversity jurisdiction and cause prejudice to Kennedy. (ECF No. 12)

On May 11, 2020, the Court granted Plaintiff's motion to amend, and Plaintiff filed his First Amended Complaint, adding Ms. Dickson as a party-defendant. (ECF Nos. 16, 17) The Court also directed Plaintiff to file an appropriate motion to remand, as the filing of the First Amended Complaint would defeat diversity jurisdiction, as Plaintiff and Ms. Dickson are both citizens of Missouri. Plaintiff filed the instant Motion to Remand on May 18, 2020.

## II. DISCUSSION

As set forth above, the Court previously found that leave to amend the complaint was proper under Rule 15 of the Federal Rules of Civil Procedure. Diversity jurisdiction exists where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "'Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Hrastich v. Advance Auto Parts, Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121, at *1 (E.D. Mo. July 8, 2014) (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir.2007)). In removal cases, the removing party has the burden of establishing that diversity jurisdiction exists by a preponderance of the evidence. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir.

2010) (citation omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citation omitted). "A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction." *Hrastich,* 2014 WL 3341121, at *1 (citing 28 U.S.C. § 1447(c)).

Here, there appears to be no dispute that Plaintiff and Defendant Jaimee Leigh Dickson are both citizens of Missouri. Thus, the Court finds that diversity jurisdiction does not exist. However, Defendant Kennedy argues, as she did in her memorandum in opposition to Plaintiff's motion to file an amended complaint, that Ms. Dickson is not a necessary or indispensable party required for joinder, and joining Ms. Dickson to defeat diversity jurisdiction prejudices Kennedy and her right to have this action heard in federal court.

The Court thoroughly addressed Kennedy's arguments in the Memorandum and Order of May 11, 2020, which found joinder of Ms. Dickson as a defendant and amendment of Plaintiff's complaint were proper. (ECF No. 16) Kennedy's opposition to Plaintiff's motion to remand offers no new argument or case law. As previously determined, Plaintiff's First Amended Complaint adds a non-diverse party and defeats diversity jurisdiction. Because the Court lacks subject matter jurisdiction over this matter, the case will be remanded to the state court. *Id.* at *2 (allowing plaintiff to amend complaint to name non-diverse defendant and remanding the case to state court); *see also Gilmore v. Lowe's Home Ctrs., Inc.*, No. 1:12-CV-47 SNLJ, 2012 WL 535159, at *3 (E.D. Mo. Oct. 30, 2012) (remanding action to state court where amended complaint added a non-diverse defendant).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 21) is **GRANTED.**

3

IT IS FURTHER ORDERED that the Clerk of the Court shall **REMAND** this case to the Twenty-Second Judicial Circuit Court, City of St. Louis, State of Missouri, from which it was removed.

**IT IS FINALLY ORDERED** that Defendant Shelby Kennedy's Motion to Strike (ECF No. 23) is **DENIED** as **MOOT**.

Dated this 3rd day of June, 2020.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**